GEORGE JORDAN *versus* SIMEON P. MCKENNEY.

A and B deposit $100 each with C, to be paid to whichever shall win in a horse-race. A wins the race, but B forbids C to pay the stake. A directs C to abide the result of a suit by B for his deposit, and use his (A's) deposit to pay the expenses, if necessary. B brings a suit, and recovers, C paying expenses exceeding the amount of A's deposit. — *Held,* that A is precluded by the directions he gave to C from afterwards claiming his deposit of him, and an action to recover the amount cannot be maintained.

A party requesting another to bring or to defend a suit, in which the former has an interest, and promising to indemnify him against the expense, *it seems,* is bound by his promise.

A person, having in his hands money belonging to another, and paying it out according to the owner's directions, is to be protected from a suit by the owner.

ASSUMPSIT. Facts reported by APPLETON, J.

A. P. Hamilton and A. P. House, June 19, 1855, deposited with the defendant $100 each, to be paid to the winner of a horse-race; and on the same day, Hamilton drew an order in favor of the plaintiff for the $100 he deposited, and it is proved that it was the plaintiff's money.

After the race had been run, the plaintiff claimed that he had won; House denied it, and forbade the defendant paying the money to the plaintiff. The defendant offered to pay each party his $100; but the plaintiff claimed the whole, and forbade the defendant paying any part of it to House; agreed that his $100 should be held by the defendant to indemnify him against the cost of a suit, if House should bring one, and promised to pay any further expense that might arise out of such a suit.

House commenced a suit, and the plaintiff directed the defendant to defend it, and himself employed counsel for that purpose. The defence was unsuccessful, and the judgment recovered by House, with the costs and expenses, exceeded the amount in the defendant's hands.

The Court, to which the case was referred, ruled that, on these facts, the plaintiff in this action could not recover; and

the facts were reported for the judgment of the full Court, whether the ruling was correct.

*E. R. Wiggin*, for the plaintiff, argued that the agreement between the plaintiff and the defendant, that the latter should make a defence against House's action, was an illegal one, and could not be enforced. It has been well settled that there could be no legal defence to such an action. *Lewis* v. *Littlefield*, 15 Maine, 233; *Stacy* v. *Foss*, 19 Maine, 337; 2 Parsons on Contracts, 139. A promise based on such an agreement was void. *Avery* v. *Halsey*, 14 Pick., 124. A court of justice will not aid any person to obtain the fruits of an unlawful bargain. *Russell* v. *De Grand*, 15 Mass., 39; *Holman* v. *Johnson*, Cowp., 343; *Laughton* v. *Haynes*, 1 M. & S., 593; *Hunt* v. *Knickerbocker*, 5 Johns., 327; *Jones* v. *Knowles*, 30 Maine, 402. The defendant cannot set up the performance of an illegal contract as a defence in this action. He ought to be held to show that the performance of the contract might, by some possibility, be of advantage to the plaintiff. But this he cannot do, for, being a lawyer himself, he well knew that no defence would avail against House's action.

The counsel further argued, that the plaintiff never authorized the defendant to pay $40 of the money in his hands as stakeholder, to Goodwin, whom the plaintiff himself had employed to aid in the defence, and whom he expected to pay himself; that this payment, being wholly unauthorized by the plaintiff, should not be allowed to the defendant in defence to this action.

*Howard & Strout*, for the defendant.

The opinion of the Court was drawn up by

APPLETON, J. — It seems that A. P. House and A. P. Hamilton placed in the hands of the defendant, each one hundred dollars, to bide the result of a horse-race, and that the defendant was to pay the whole amount thus deposited to the party who should win the bet. The money deposited by Ham-

ilton was furnished by the plaintiff, who was the party interested in the wager.

The race was run, and the plaintiff was the winner. House, the losing party, who seems to have been willing to adhere to his bet only in case of its success, forbade the payment of the money to the winner, and demanded his deposit. The defendant was desirous of paying House the. money by him deposited, and thus exonerate himself; but the plaintiff, claiming that he had won, forbade the payment and agreed to indemnify him against the expenses of any suit that might be commenced;—that he might apply the money in his hands to the payment of any such expenses, and that, if this should not be sufficient, he would pay any balance remaining. The loser commenced a suit. "When the event has transpired, and the money is lost, it is not for the criminality of the act that the loser repents," says HEBARD, J., in *Danforth* v. *Evans*, 16 Vermont, 538, "but it is that he has lost his money." But the repentance of House availed him, and he saved his money, as was determined in *House* v. *McKenney*, 46 Maine, 94. .

The plaintiff brings this action to recover his money deposited by Hamilton for his benefit. The costs of the defence in the suit, *House* v. *McKenney*, have been paid by the defendant, and much exceed the money in his hands.

It is well settled law, that if a party having an interest, request another to bring an action or to defend one already brought, and promises that he will indemnify the party so · bringing or defending against the costs of such prosecution or defence, if he will permit him to assume the management of such suit, he will be liable upon such promise. *Goodspeed* v. *Fuller*, 46 Maine, 141; *Knight* v. *Sawin*, 6 Greenl., 361; *'Fenden* v. *Parker*, 11 Mees. & Wels., 675; *Adams* v. *Pansey*, 6 Bing., 506. The plaintiff directed the defence to be made, and employed counsel. The money deposited has been applied to the purposes of the defence, according to the directions of this plaintiff. That the defence then made was unsuccessful, was no fault of the defendant. In all litiga-

tion, there must be a losing and a winning party. The want of success in that suit in no way enlarges the plaintiff's right to recover. The defendant has in all respects followed the directions of the plaintiff, and he is not to be mulcted in the costs of a litigation in which he had no interest, and where the benefit, if successful, would have accrued to the plaintiff.

"The stakeholder," remarks SHAW, C. J., in *Ball* v. *Gilbert*, 12 Met., 397, "is a mere depositary of both parties for the money deposited by them respectively, with a naked authority to deliver over on the proposed contingency. If the authority is actually revoked before the money is paid over, it remains a naked deposit to the use of the depositor." If the money be paid to the winner by the consent, express or implied, of the loser, and before he countermands such payment, he cannot recover it back. *West* v. *Holmes*, 26 Vermont, 533. "The consent to its being paid," remarks REDFIELD, C. J., in the case last cited, "gives him, (the winner,) the right to retain it, as the Court will not interfere after the illegal wager is consummated." If the stakeholder pay the winner before the authority given is countermanded by notice not to pay, such payment will be a defence to the action. *Danforth* v. *Evans*, 16 Vermont, 538; *McAllister* v. *Gallagher*, 3 Penn., 468; *Stacy* v. *Foss*, 19 Maine, 335; *Tarleton* v. *Baker*, 18 Vermont, 9; *Ball* v. *Gilbert*, 12 Met., 403.

But whether the payment be made to the winner or any one else, if made by the authority of the party depositing, can make no difference. The stakeholder, when he obeys the directions of the owner as to the disposition of his funds, is to be protected.

The action of assumpsit is equitable in its character. The defendant has none of the plaintiff's funds. He has paid them as the plaintiff directed.

The plaintiff would impose upon an innocent party the expense of a litigation in which he had no interest. He has no claim morally, legally nor equitably.

"It is certainly to be regretted," remarks CARTER, C. J., in *Kenney* v. *Stubbs*, 4 Allen, (N. B.,) 127, which related to a

horse-race, "that in the great press of business, * * the time of the country should be taken up with matters of this sort." But, whether the horse-racing 'be in New Brunswick or here, that suits without foundation are instituted, must always be matter of regret.                    *Exceptions overruled.*

TENNEY, C. J., and CUTTING, MAY, GOODENOW, and DAVIS, JJ., concurred.